N THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **O9 SOLUTIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-3245-L-BN** |
| | § | |
| **SAP SE, SAP AMERICA, INC., STEPHAN DE BARSE, STIJN-PIETER VAN HOUTEN, and SEAN ZONNEVELD,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On August 11, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 60) was entered, recommending that the court deny Defendants Stephan de Barse, Stijn-Pieter van Houten, and Sean Zonneveld's ("Individual Defendants") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 20) and Motion to Dismiss based on *forum non conveniens* (Doc. 23);[1] and deny Defendants SAP SE and SAP America, Inc.'s ("SAP Defendants" or "SAP") Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(e) (Doc. 25). Also before the court is the Individual Defendants' Motion for Leave to File Reply Brief (Doc. 75) and Defendants' objections to the Report (Docs. 61, 62). For the reasons that follow, the court **accepts** the Report (Doc. 60) **as supplemented by this order**; **overrules** Defendants' objections (Docs. 61, 62); and **denies** Defendants' Motions (Docs. 20, 23, 25, 75).

[1] The Individual Defendants' Motion to Dismiss (Doc. 23) based on *forum non conveniens* was joined by the SAP Defendants.

## I. Rule 12(b)(6) and Rule 12(e) Motions

No objections were filed to the magistrate judge's recommended denial of SAP's Motion to Dismiss under Rule 12(b)(6) and, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e) (Doc. 25) or the Individual Defendants' Motion to Dismiss under Rule 12(b)(6) (Doc. 20). Accordingly, the court **accepts** the magistrate judge's findings and conclusions, and **denies** these Motions (Docs. 20, 25).

## II. Forum Non Conveniens Motion

On August 25, 2026, the SAP Defendants and the Individual Defendants filed separate objections (Docs. 61, 62) to the magistrate judge's recommendation that the court deny the Individual Defendants' Motion to Dismiss based on *forum non conveniens* (Doc. 23). Regarding this Motion, the magistrate judge determined that dismissal based on *forum non conveniens* is not appropriate because, even assuming that the Netherlands is an available and adequate forum, the Individual Defendants have not carried their burden of demonstrating that the Netherlands is *clearly* or *significantly* more convenient than Texas or the United States. The magistrate judge also determined that the severance and transfer of some but not all claims and the Individual Defendants to the Netherlands[2] is not appropriate under controlling Fifth Circuit authority because, although unopposed by Plaintiff o9 Solutions, Inc. ("Plaintiff" or "o9"), "neither side . . . argues that the Individual Defendants are indirectly connected to this dispute or to [Plaintiff's] claims against the SAP Defendants." Doc. 60 at 5.

Neither Plaintiff nor Defendants objected to the magistrate judge's determination and recommendation regarding the severance issue, and the court finds no error with respect to this

[2] This issue arose in connection with the parties' briefing on the Individual Defendants' Motion to Dismiss based on *forum non conveniens* (Doc. 23).

determination. The court's *forum non conveniens* analysis, therefore, focuses on the matters to which the parties specifically objected.

**A. Individual Defendants' Objections**

The Individual Defendants contend that: (1) the magistrate judge "improperly prioritized the Plaintiff's trade secret claims [to the exclusion of Plaintiff's contract-based claims, which should be governed by the Individual Defendants' Dutch employment contracts rather than their Stock Option Agreements] in analyzing the *forum non conveniens* public-interest factors, despite the fact that the trade secret claims do not meet extraterritoriality requirements"; and (2) in doing so, the magistrate judge "ignored the Fifth Circuit's *Vasquez* decision and international forum shopping considerations," which the Individual Defendants contends amounted to legal error. Doc. 61 at 4-12 (*Vasquez v. Bridgestone/Firestone, Inc*., 325 F.3d 665 (5th Cir. 2003)). In connection with these arguments, the Individual Defendants also argue that the lawsuit has no connection to Texas, and that the magistrate judge's analysis of the private and public interest factors does not adequately consider all relevant facts or improperly weighed or discounted certain facts in determining that dismissal on *forum non conveniens* is not appropriate.

Regarding the first argument, the Individual Defendants contend that:

> The Recommendation's focus on Plaintiff's trade secret claims to hold the public-interest factors "at least neutral" was clear legal error because neither the federal DTSA [Defend Trade Secrets Act, 18 U.S.C. §§ 1836(b), 1839 *et seq*.] cause of action nor Plaintiff's parallel claim under Texas's version of the Uniform Trade Secrets Act ("TUTSA") can apply, as a matter of law, to conduct occurring extraterritorially absent some relevant conduct also occurring in the U.S. As explained in the Individual Defendants' reply brief in support of their *forum non conveniens motion* (*e.g.*, Dkt. No. 48 at 8-9), the DTSA includes a statutory extraterritoriality provision providing that the DTSA will apply "to conduct occurring outside the United States if . . . (2) an act in furtherance of the offense was committed in the United States" 18 U.S.C. § 1837(2).

Doc. 61 at 5-6.

Plaintiff contends that Defendants[3] waived this legal argument. The court searched and was unable to find any reference to 18 U.S.C. § 1837 or the Individual Defendants' extraterritoriality argument in the opening brief on their Motion to Dismiss based on *forum non conveniens*. The Thus, the Individual Defendants' extraterritoriality argument based on § 1837(2) was raised for the first time in the reply brief filed in support of their Motion to Dismiss based on *forum non conveniens*.

"Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief, and is not the appropriate vehicle for presenting new arguments or legal theories to the court." *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) (internal quotations omitted); *see also See Perez v. Bruister*, 823 F.3d 250, 273 n.31 (5th Cir. 2016) (declining to consider legal argument raised for the first time in a reply brief because such arguments are not appropriate for consideration).

Plaintiff's response to the Motion to Dismiss references cites 18 U.S.C. § 1837 and Fifth Circuit authority for the conclusion that "[t]he DTSA provides jurisdiction over foreign misappropriation if an act in furtherance of the offense occurs within the U.S." Doc. 45 at 22 (citing 18 U.S.C. § 1837). This argument by Plaintiff, however, was made in response to the disputed contention in Individual Defendants' Motion that the court must perform a choice of law analysis and will, or could, apply Dutch law to o9's claims in this case. *Id.* (citing Doc. 23 at 22-23). Even assuming that the Individual Defendants' extraterritoriality argument based on § 1837(2) was not raised for the first time in the reply brief, the resolution of this issue and whether Plaintiff has valid TUTSA or DTSA claims is not relevant to the *forum non conveniens* analysis. Accordingly, the

[3] The court refers to the Individual Defendants and SAP Defendants collectively as "Defendants" for purposes of ruling on the Individual Defendants' Motion because, as noted, the SAP Defendants joined in the Motion.

magistrate judge did not err in considering this argument by Defendants or addressing it in his Report on their Motion to Dismiss based on *forum non conveniens*.

Further, as Plaintiff aptly notes, it is not a party to the Dutch employment contracts. This undermines the Individual Defendants' argument that Plaintiff should have sued on these contracts rather than the Stock Option Agreements. Moreover, *Vasquez's* holding turned on the liability theories *actually pleaded* by the plaintiffs in their complaint. Doc. 69 at 23, 26 (citing *Vasquez*, 325 F.3d at 674). This is precisely what the magistrate judge did here. *See* Doc. 60 at 11-17, 28-29. Accordingly, the Individual Defendants' reliance on *Vasquez* to argue that the magistrate judge erred in not considering *unpleaded* contractual claims premised on their Dutch employment agreements is misplaced, as the facts in *Vasquez* are distinguishable.

The court, therefore, **overrules** Individual Defendants' objections to the Report.

**B. The SAP Defendants' Objection**s

The SAP Defendants contend that, because the magistrate judge determined that the Netherlands is an available and adequate forum, the only remaining question is whether the balance of factors favors dismissal, and the SAP Defendant argue that consideration of these factors favors dismissal of this action because the Netherlands is the "more convenient forum for the easy, expeditious, and inexpensive resolution of this dispute." Doc. 62 at 9.

Before addressing the SAP Defendants' arguments regarding the private and public interest facts, the court makes one clarification regarding the parties' burdens and the magistrate judge's determination that the Netherlands is an adequate forum. In this regard, the magistrate judge reasoned as follows:

> The Netherlands is also an adequate forum [because]:
>
> "[T]here is a presumption that the substantive law of a foreign forum is adequate." *Quintero v. Klaveness Ship Lines*, 914

> > F.2d 717, 728 (5th Cir. 1990). For purposes of a *forum non conveniens* analysis, "[a]dequacy does not require that the alternative forum provide the same relief as an American court." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007) (citation modified). Instead, "[a] foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the benefits of an American court." *Id.* But the [United States] Supreme Court has clarified that, "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, . . . the district court may conclude that dismissal would not be in the interests of justice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).
>
> *OSR Enters. AG v. REE Auto., Ltd.*, No. 24-50779, 2025 WL 2888000, at *2 (5th Cir. Oct. 10, 2025) (per curiam) (cleaned up).
>
> Both sides offer dueling opinions from Dutch lawyers. *See* Dkt. Nos. 23-12; 45-3. The undersigned has carefully reviewed both and finds that ***o9's Dutch legal opinion fails to support its burden to show that the Netherlands is not an adequate forum*** under the applicable case law—that is, that, if this lawsuit was dismissed in favor of litigation there, o9 would have "no remedy at all."

Doc. 60 at 20-21 (emphasis added). The magistrate judge then goes on to explain why Plaintiff's evidence does not establish that it would have no remedy at all in the Netherlands.

"***Defendants* typically bear the burden of proof on all elements** of the *forum non conveniens* analysis." *DTEX*, 508 F.3d at 794 (emphasis added). In a standard *forum non conveniens* analysis such as this that does not involve a forum selection clause, a district court begins as the magistrate judge did by considering whether there is "an alternate forum that is both available and adequate." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (emphasis added). "**If the *moving party* carries its burden of establishing an alternate forum that is both adequate and available, then *the defendant* is charged with showing that dismissal is warranted because certain private and public interest factors weigh in favor of dismissal**." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001) (citing *Alpine View*, 205

F.3d at 221-22). Thus, in this case, Defendants, not Plaintiff, had the burden of proof on all elements of their Motion to Dismiss based on *forum non conveniens*.

The magistrate judge correctly noted that Defendants as the movants have the burden on all elements of the *forum non conveniens* analysis, and it is an abuse of discretion for a court to conclude otherwise, *see* Doc. 60 at 17, but he then concluded that Plaintiff failed to meet *its burden* of establishing that the Netherlands is not an adequate remedy. Doc. 60 at 20. This is technically an incorrect statement and conclusion because, as noted, Defendants, as the movants, had the burden on all elements of their *forum non conveniens* argument. On the other hand, it is apparent from the magistrate judge's reliance on the Fifth Circuit's opinion and reasoning in *OSR Enterprises AG v. REE Automotive, Limited* that what the magistrate judge meant to say was that o9's evidence *did not overcome the presumption* that the "substantive law of a foreign forum [here, the Netherlands] is adequate." *OSR Enters. AG*, 2025 WL 2888000, at *2. In this regard, the court agrees with the magistrate judge, as such a conclusion, as applied to the evidence in this case, is consistent with the Fifth Circuit's opinion and reasoning in *OSR Enterprises AG v. REE Automotive, Limited.* The court, therefore, turns to the SAP Defendants' arguments regarding the balancing of factors.

Regarding the private interest factors, which focus on convenience, the SAP Defendants contend that consideration of the private interest factors favor dismissal because the location and availability of certain key witnesses, the conduct at issue, and the practical realities of litigation all converge in the Netherlands. The SAP Defendants argue that compulsory process favors the Netherlands because certain key witnesses are located in Europe, beyond this court's subpoena power, and the magistrate judge's conclusion that compulsory process does not favor the Netherlands rests on a legal error to the extent the Report faulted the Individual Defendants for not

"specifically identify[ing]" each witness and "outlin[ing] the substance of their testimony" based on the district court's decision in *Pension Advisory Group, Limited v. Country Life Insurance Company*, 771 F. Supp. 2d 680, 710 (S.D. Tex. 2011). Doc. 62 at 2-3 (citing Doc. 60 at 25, 27). The SAP Defendants argue that the magistrate judge also erred in relying on the nonbinding opinion in *Pension Advisory Group, Limited* to the extent it is inconsistent with the Supreme Court's holding in *Piper Aircraft Company v. Reyno,* 454 U.S. 235 (1981), in which the Court explained that defendants seeking *forum non conveniens* dismissal need not "submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide." Doc. 62 at 2-3 (quoting *Piper Aircraft Co.*, 454 U.S. at 258).

The court disagrees with this characterization by the SAP Defendants regarding the magistrate judge's Report. Contrary to the SAP Defendants, the Report does not "require" the Individual Defendants to "specifically identify" each witness or "outline the substance of their testimony." Instead, the magistrate judge states as follows on pages 24 through 27 of his Report regarding witnesses and documentary evidence:

> "Regarding the first private interest factor"—"which forum provides easier access to sources of proof"—"the movant has the burden to . . . actual[ly] show[] the existence of relevant sources of proof, not merely [ ] express[] that some sources likely exist in the prospective forum." *Def. Distributed,* [*v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022)]. As to witnesses, Defendants contend that "[t]his case in all likelihood will be witness-heavy" and that "[t]he overwhelming majority of such witnesses are located in the Netherlands and Europe." Dkt. No. 23 at 20; *see id.* at 20-22 (acknowledging that o9's CEO and president are relevant witnesses who are both based in Dallas but pointing out that "[o]ther potential witnesses are current or former o9 employees the Individual Defendants are alleged to have recruited into SAP in violation of nonsolicitation covenants"; that "[t]he Complaint identifies eight [employees] in paragraphs 87-88. None are based in Texas and seven are in Europe or Asia: four in Amsterdam, one in Singapore, one in Spain, and one in Germany. The only such employee in the United States is based in New York, not Texas." (citations omitted)).
>
> The witnesses that Defendants point to as identified in the [C]omplaint are alleged to be SAP employees. *See* Dkt. 1, ¶ 88; Dkt. No. 45 at 23 ("Individual

> Defendants did not explain whether each of these individuals will testify in this Action. Further, these individuals are SAP employees, and SAP does not join this Motion or submit evidence that providing testimony would be inconvenient; indeed, SAP has [a] strong presence in the United States as a global organization with multiple offices in Texas." (citation omitted)).
>
> But, "in the context of this factor," the focus is "whether there are third-party witnesses in the United States or [the Netherlands] from whom discovery may become difficult to obtain if the case is litigated in a foreign court" since the Court "can compel parties to the suit to produce discovery." *Tempur-Pedic Int'l, Inc. v. GoSatellite, Inc.*, 758 F. Supp. 2d 366, 380 (N.D. Tex. 2010).
>
> And both sides identify potentially applicable third parties in Texas and abroad. But it is too early in this case to determine how crucial any of these true third parties may be to this litigation.
>
> As to documentary evidence, Defendants assert that "[a]ccessibility of documents should not have much impact under this factor, given the ubiquity of electronic discovery and document exchange." Dkt. No. 23 at 23. . . . o9 counters, for example, that "[e]lectronic devices issued to former o9 employees who later joined SAP are stored in the United States. Further, there is no dispute that documents[—]in SAP's possession that are relevant to SAP's access and use of o9's trade secrets and [the] benefits SAP has received from using o9's trade secrets to compete against o9 in the United States[—]are predominantly in SAP's offices in Texas. Individual Defendants have not identified any relevant documents or devices in their possession that are in the Netherlands and cannot be electronically transferred to the United States. Dkt. No. 45 at 22.
>
> And, while advances in technology have "not render[ed] this factor superfluous," [*In re Volkswagen*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc)]; *see, e.g.*, *OSR*, 2025 WL 2888000, at *4 & n.6, this aspect of the first factor is at least neutral considering that both sides cite electronic sources of proof that are located in both forums, *see, e.g., Wilson v. Tex. Christian Univ.*, No. 3:20-cv-106-M, 2021 WL 12289114, at *2 (N.D. Tex. Aug. 2, 2021) ("Defendants do not contend that the documents are 'so voluminous' that their transport would be inconvenient. And while technological advances do not render this factor superfluous, the fact that the documents are required to be submitted electronically throughout the Northern District of Texas further minimizes whatever slight inconvenience there may be." (citation omitted)).
>
> . . . Defendants have not shown that this factor favors litigating in the Netherlands.

Doc. 60 at 24-26.

The Report does rely on and quotes *Pension Advisory Group, Limited*. The Report, however, also cites *Kimberly-Clark Corporation v. Continental Casualty Company*, No. 3:05-CV-475-D, 2005 WL 2679698, at *3 (N.D. Tex. Oct. 19, 2005), for the legal conclusion—that, "[w]hile the burden is on the movant to establish that an alternative forum would be clearly more convenient, it need not submit overly-detailed affidavits, such as those that identify all the witnesses it would call and the testimony it would offer," which is a direct quote from Supreme Court's opinion in *Piper*. *See* Doc. 60 at 17 (quoting *Kimberly-Clark Corp*, 2005 WL 2679698, at *3) (quoting *Piper Aircraft Co.*, 454 U.S. at 258). Thus, the magistrate judge's Report identified the appropriate legal standard, and, given the magistrate judge's forgoing analysis, the court disagrees that it runs afoul of *Piper* in the manner proposed by the SAP Defendants because the magistrate judge did not fault the Individual Defendants for failing to identify *all witnesses* expected to be called or *all testimony* by such witnesses. Likewise, *Pension Advisory Group, Limited* does not require this but instead focuses on key witnesses, which makes sense in the context of a *forum non conveniens* analysis.

The SAP Defendants next contend that:

> The FCR also discounted the compulsory-process showing on the ground that "SAP does not join this Motion." FCR at 25. That premise is wrong. The motion expressly stated that "SAP SE and SAP America join in the requested relief." Dkt. No. 23 at 4. And SAP confirmed its consent to Dutch jurisdiction in the Joint Status Report and its own briefing Dkt. No. 41 at 18; Dkt. No. 25 at 1 n.1. The FCR's contrary assumption has no basis in the record.

Doc. 62 at 3-4. In addition, the SAP Defendants argue that the magistrate judge failed to address the eight former o9 employees referenced in paragraphs 87 through 88 of Plaintiff's Complaint, who are "scattered across Europe and Asia" and cannot be compelled by this court to testify, but they can be compelled by a Dutch court. Doc. 62 at 4.

As noted above, the magistrate judge indicated:

> The witnesses that Defendants point to as identified in the [C]omplaint are alleged to be SAP employees. *See* Dkt. 1, ¶ 88; Dkt. No. 45 at 23 ("Individual Defendants did not explain whether each of these individuals will testify in this Action. **Further, these individuals are SAP employees, and SAP does not join this Motion or submit evidence that providing testimony would be inconvenient**; indeed, SAP has strong presence in the United States as a global organization with multiple offices in Texas." (citation omitted)).
>
> But, "in the context of this factor," the focus is "whether there are third-party witnesses in the United States or [the Netherlands] from whom discovery may become difficult to obtain if the case is litigated in a foreign court" since the Court "can compel parties to the suit to produce discovery." *Tempur-Pedic Int'l, Inc. v. GoSatellite, Inc.*, 758 F. Supp. 2d 366, 380 (N.D. Tex. 2010).
>
> **And both sides identify potentially applicable third parties in Texas and abroad. But it is too early in this case to determine how crucial any of these true third parties may be to this litigation.**

Doc. 60 at 25 (emphasis added). Regarding compulsory process, the magistrate judge goes on to reason as follows:

> "Access to compulsory process for non-party witnesses is the gravamen of the second private interest factor." *Def. Distributed*, 30 F.4th at 434 (citation omitted). As to these such witnesses, 'the moving party must do more than make a general allegation that certain key witnesses are needed' and must [instead] 'specifically identify the key witnesses and outline the substance of their testimony.'" *Pension Advisory Grp., Ltd. [*, 771 F. Supp. 2d at 710] (quoting *Hupp v. Siroflex of Am., Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).
>
> Defendants have not done so to the extent that they have only identified witnesses who are the SAP employees identified in the [C]omplaint and have also not "outline[d] the substance of their testimony." *Id.*; *see* Dkt. No. 23 at 24-25.
>
> . . . Defendants have not shown that this factor favors litigating in the Netherlands.

Doc. 60 at 26-27 (emphasis added).

The magistrate judge mistakenly overlooked that the SAP Defendants joined in the Individual Defendants' Motion to Dismiss based on *forum non conveniens.*[4] Regardless of whether the SAP Defendants joined in the Individual Defendants' Motion, the court interprets the magistrate judge's Report as correctly concluding that the Individual Defendants are currently employed by SAP and, as parties to this action, they are subject to compulsory process. Further, as parties to this action, and the persons who are alleged to have solicited other former o9 employees to join SAP and have allegedly continued to actively solicit and recruit additional o9 employees, they are key witnesses.

While the Individual Defendants provided evidence in their Motion to Dismiss that the eight former o9 employees specifically identified in paragraph 88 of Plaintiff's Complaint are located in Europe and Asia, the court agrees with the magistrate judge and Plaintiff that Defendants (either the Individual Defendants or the SAP Defendants) have not come forward with evidence that "providing testimony [for these potential witnesses] would be inconvenient" particularly given that these persons are currently employed by SAP and under the control of SAP. Doc. 60 at 25; Doc. 68 at 9-10. Additionally, the Individual Defendants' argument that these former employees "*may* very well *become relevant* to this dispute" or that these or other o9 customers may have "*potentially* relevant third-party witnesses" in Europe amounts to nothing more than speculation

---

[4] Buried on page 5 of the Individual Defendants' Motion is the following sentence: "SAP SE and SAP America join in the requested relief." Doc. 23 at 5. The court does not fault the magistrate judge for mistakenly missing this one sentence in the Individual Defendants' 30-page Motion to Dismiss, and, because of the confusion often caused by parties "joining" in the objections or arguments of other parties, the court usually requires each party to make its own objections or arguments and file its own motions. **Moreover, moving forward, if Defendants decide to jointly move with respect to any relief sought in this action, they shall be limited to filing one motion/brief and one reply brief, and, if the motion is referred to the magistrate judge, they shall be limited to filing a single objection because proceeding in any other manner gives them an unfair advantage by allowing one or the other to obtain what in essence is a "second bite at the apple" despite their initial decision to move jointly or to join in on a motion.**

and is not sufficient to establish that testimony or evidence from such witnesses will be needed or even relevant to either Plaintiff's claims or any defenses asserted by Defendants in this action. Even if relevant, as the eight former o9 employees identified in Plaintiff's Complaint are alleged to have worked closely with the Individual Defendants and previously reported directed to Mr. de Barse while employed by o9, any information within their knowledge can likely be obtained from the Individual Defendants without the need to depose the other eight former o9 employees. The court, therefore, agrees with the magistrate judge that, "both sides identify potentially applicable third parties in Texas and abroad[,] [b]ut it is too early in this case to determine how crucial any of these true third parties may be to this litigation." Doc. 60 at 25.

For this reason, and given the number of witnesses identified by Plaintiff, the court finds no error in the magistrate judge's determination that these factors ("the cost of attendance for willing witnesses and all other practical problems that make trial of a case easy, expeditious and inexpensive") are "at best neutral and, in any event, do not favor the movants whe[n] the result is merely to shift the inconvenience of the venue from one party to the other." Doc. 60 at 27 (citations omitted). With respect to the private interest factors, the court also agrees with the magistrate judge's conclusion that:

> [A]ssuming that the Netherlands is an available and adequate forum, Defendants still have not carried their burden under the balancing-of-interests standard to "demonstrate that [the Netherlands] is a ***significantly*** more convenient forum," *Kimberly-Clark*, 2005 WL 2679698, at *9, especially considering that o9's choice of forum remains entitled to [some] deference even though it has operations in the Netherlands[.]

Doc. 60 at 24 (emphasis added) (citing *Innovation First [Int'l, Inc. v. Zuru, Inc.,* 513 F. App'x 386, 392 (5th Cir. 2013), for the conclusion that it was reasonable for the district court to afford the plaintiff's chosen forum "'somewhat lessened' deference" given that it was an international company with facilities in the alternate forum).

The SAP Defendants contends that, even if the private interest factors are "nearly in balance," consideration of the public interest factors independently compels dismissal because "this Dutch employment dispute has no meaningful connection to Dallas." Doc. 62 at 9. Of the five public interest factors, the SAP Defendants focus on two factors and assert that: (1) "[l]ocal interest favors the Netherlands because the operative conduct, the employment relationships, and the customer at the center of the dispute are all in Europe"; and (2) "[j]ury burden favors the Netherlands because Dallas jurors should not be conscripted to resolve a dispute between Dutch citizens, a Dutch subsidiary, and a German customer." *Id.* at 6-7.

Plaintiff disagrees and contends that the magistrate judge correctly analyzed the public interest factors in concluding that they are neutral and favor keeping this action in Texas because of: (1) the local interest in having localized controversies decided at home; and (2) the unfairness of burdening citizens in an unrelated forum with jury duty.

The court disagrees, as did the magistrate judge, with the SAP Defendants' characterization of this lawsuit as being merely an employment dispute between three Dutch residents and their former employer that involves only employment related relationships. Such characterization is inconsistent with Plaintiff's pleadings and the claims asserted in this action. The court also finds no error in the magistrate judge's consideration of the public interest factors.

Accordingly, for all of the foregoing reasons, the court **overrules** the SAP Defendants' objections to the Report.

## III. Individual Defendants' Motion for Leave to File Reply

The Individual Defendants seek leave to file a reply in support of their objections to the Report on the grounds that Plaintiff raised "new" arguments in responding to their objections such that they did not have a meaningful opportunity to address the arguments. Specifically, the

Individual Defendants contend that—Plaintiff's argument that they waived their extraterritoriality argument based on § 1837(2); Plaintiff's argument and interpretation of *Vasquez*; and Plaintiff's argument regarding the Report referencing its contract claims multiple times as evidence that the magistrate judge properly balanced the public-interest *forum non conveniens* factors—are all new. Doc. 75 at 2-3.

The court **denies** the Motion for Leave (Doc. 75), as the arguments raised by Plaintiff are responsive to the objections and arguments asserted by the Individual Defendants, pertain to matters that the Individual Defendants could have anticipated in filing their objections, or are not relevant to the court's decision. Moreover, the issues presented to the magistrate judge were extensively briefed by the parties. In any event, consideration of the proposed reply would not affect the court's determination that the magistrate judge's material findings, conclusions, and recommendation regarding the Individual Defendants' Motion to Dismiss based on *forum non conveniens* are correct. The court, therefore, **declines** to consider the arguments in the Individual Defendants' proposed reply.

## IV. Conclusion

As no objections were filed to the magistrate judge's recommended denial of the SAP Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) (Doc. 25) or the Individual Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. 20), the court **accepts** the magistrate judge's findings and conclusions as to these Motions, and **denies** the Motions (Docs. 20, 25).

Having considered the Individual Defendants' Motion to Dismiss based on *forum non conveniens* (Doc. 23), the parties' briefs and evidence, the pleadings, record in this case, and Report, and having conducted a de novo review with respect to all specific objections to the Report,

the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court **as supplemented by this order**. Accordingly, the court **overrules** Defendants' objections (Docs. 62, 63) to the Report; and **denies** the Individual Defendants' Motion to Dismiss based on *forum non conveniens* (Doc. 23), which was joined by the SAP Defendants.

The court also **denies** the Individual Defendants' Motion for Leave to File Reply Brief; **strikes** the reply (Doc. 74) inadvertently filed by them without leave of court in contravention of the court's Order of Reference (Doc. 26); and, to avoid confusion, the clerk of court **shall** make a notation on the docket sheet reflecting that Document No. 74 was "STRICKEN" pursuant to this order.

**It is so ordered** this 25th day of September, 2026.

Sam A. Lindsay
United States District Judge